UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

For Online Publication Only

-----------------------------------------------------------X
TRUSTEES OF THE NORTHEAST
CARPENTERS HEALTH, PENSION, ANNUITY,
APPRENTICESHIP, and LABOR
MANAGEMENT COOPERATION FUNDS,

**FILED**
**CLERK**
12/22/2017 2:26 pm

**U.S. DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
**LONG ISLAND OFFICE**

        Petitioners,

   -against-

**ORDER**
15-CV-4170 (JMA) (ARL)

ARBOR CONCRETE CORP.,

        Respondent.
-----------------------------------------------------------X

**AZRACK, United States District Judge:**

Before the Court is the unopposed petition of petitioners Trustees of the Northeast Carpenters Health, Pension, Annuity, Apprenticeship, and Labor Management Cooperation Funds to confirm an "Audit Order and Deficiency Award" issued against respondent Arbor Concrete Corp., on April 16, 2016. (Am. Pet., Ex. G, ECF No. 11.)

Petitioners had previously filed, on July, 8, 2015, a petition to confirm an "Audit Order and Deficiency Award" issued against respondent on May 23, 2015 (the "2015 Arbitration Award"). (See ECF No. 1.) In the original petition, petitioners requested that this Court: (1) confirm the 2015 Award; (2) award petitioners $886,769.90 plus interest for unpaid contributions; and (3) award petitioners reasonable attorneys' fees and costs incurred in bringing this action. (Pet. at 6.) On November 23, 2015, the Court denied the petition to the extent it sought an award of $886,769.90 in estimated unpaid contributions. (See ECF No. 8.) The Court determined that, while the arbitrator found that respondent owed estimated unpaid contributions in the amount of $886,769.90, the arbitrator did not award that amount to Petitioners and instead

1

determined that an award for unpaid contributions should be based on an audit of respondent.

On April 16, 2016, the arbitrator issued a revised order and award against the respondent (the "2016 Arbitration Award"). The 2016 Arbitration Award directs respondent to pay petitioners the sum of $888,419.90, consisting of:

- an estimated deficiency of $630,979.32;

- interest of $129,594.72;

- liquidated damages of $126,195.86;

- attorneys' fees of $900.00; and

- the arbitrator's fee of $750.00.

The 2016 Arbitration Award also directed respondent to (1) make all "future contributions" in a prompt and timely manner; (2) submit to an audit at petitioners' discretion; (3) make available to the petitioners or authorized representatives any and all books and records petitioners deem necessary to conduct an audit; (4) pay for all costs relating to the audit in the event that petitioners request one; and (5) to pay for all court costs incurred to enforce the 2016 Arbitration Award. (Am. Pet., Ex. G at 2-3.)

On September 12, 2016, petitioners served a copy of the amended petition and its supporting memorandum of law on respondent via the New York Department of State's Division of Corporations, Records and Uniform Commercial Code. (Aff. of Service., ECF. No. 13.) Respondent has not responded to the amended petition.

Petitioners now ask the Court to: (1) confirm the 2016 Arbitration Award; (2) award petitioners $886,769.90; (3) make available to the petitioners or authorized representatives any and all books and records petitioners deem necessary to conduct an audit; and (4) award petitioners $3,875.29 in attorneys' fees and costs. (Am. Pet. at 7-8.) Because respondent has not

answered the amended petition, the Court treats the amended petition as an unopposed motion for summary judgment. See D.H. Blair & Co. v. Gottdiener, 462 F.3d 95, 109–10 (2d Cir. 2006).

After reviewing the amended petition, and its supporting documents, the Court grants petitioners summary judgment and confirms the 2016 Arbitration Award in the amount of $886,769.90 and orders respondent to make available to the petitioners or authorized representatives any and all books and records petitioners deem necessary to conduct an audit. Further, the Court awards petitioners attorneys' fees and costs totaling $3,875.29. The Clerk of the Court shall enter judgment in favor of petitioners consistent with this order and close this case.

**SO ORDERED.**


Date:   December 22, 2017
        Central Islip, New York


                                            _____/s/(JMA)_____
                                            Joan M. Azrack
                                            United States District Judge